**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                        **CASE NO. 8:99-CR-201-T-27EAJ**

**GARY ADAMS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Defendant Gary Adams's **Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis** (Dkt. 176), filed April 16, 2009, which the court construes as a motion to proceed in forma pauperis on appeal. Defendant was permitted to proceed in forma pauperis during the underlying case; thus, Rule 24(a)(3), Fed. R. App. P., applies.

On August 23, 1999, the court accepted Defendant's plea of guilty to conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (Dkts. 49, 68). Defendant was sentenced to life in prison on September 22, 1999 (Dkt. 72).

On October 1, 1999, Defendant filed a notice of appeal challenging his sentence (Dkt. 77). On May 16, 2000, the Eleventh Circuit granted the United States' motion to dismiss the appeal due to the appeal waiver clause in Defendant's plea agreement (Dkt. 107). On September 22, 2000, in a separate civil action, Defendant sought to vacate his judgment and sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and that the indictment did not state the required amount of controlled substances as required by Apprendi v. New Jersey, 530 U.S. 466 (2000) (Dkt. 108 at 4; Case No. 8:00-CV-1965-T-25EAJ, Dkts. 1, 2). The court denied this motion in an order dated April 14, 2002 (Dkt. 158; Case No. 8:00-CV-1965-T-25EAJ, Dkt. 4).

The time to appeal this order expired. Although Defendant filed an application for certificate of appealability regarding the denial of his 28 U.S.C. § 2255 motion in his criminal case (Dkt. 160), the Eleventh Circuit dismissed the appeal for lack of prosecution (Dkt. 162).

On January 6, 2006, Defendant filed a motion in this case pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005) and 28 U.S.C. § 2255 (Dkt. 171). The court denied the motion as meritless on January 25, 2006 (Dkt. 172). On March 16, 2009, the court also denied Defendant's Request for Resoution [sic] of an Existing Jurisdiction Question and Pure Question of Law (Dkts. 173, 174).

Under Rule 24(a)(1), Fed. R. App. P., a party to a district court action who seeks to appeal <u>in forma pauperis</u> must file a motion and an affidavit in the district court that details the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the legal issues on appeal. A party permitted to proceed <u>in forma pauperis</u> in the district court action, however, may proceed on appeal <u>in forma pauperis</u> without further authorization unless the court certifies that the appeal is not taken in good faith or finds other reasons to deny permission. Rule 24(a)(3), Fed. R. App. P.

"Good faith" in the context of a criminal appeal is judged by an objective standard. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). A defendant's good faith in a criminal appeal is demonstrated when he seeks appellate review of any issue not frivolous. <u>Id.</u> at 445.

Defendant seeks to appeal the denial of his Request for Resoution [sic] of an Existing Jurisdictional Question and Pure Question of Law (Dkt. 174). Defendant timely filed his notice of appeal (Dkt. 175). <u>See</u> Fed. R. App. P. 4(B)(1). However, both Defendant's Notice of Appeal (Dkt. 175) and his motion to proceed <u>in forma pauperis</u> on appeal (Dkt. 176) are devoid of any reference

to the bases for his appeal.

Defendant's Request for Resolution [sic] of an Existing Jurisdictional Question and Pure Question of Law alleges that because the indictment did not allege drug quantity "the district court has acted without jurisdiction to impose a life sentence on the petitioner." (Dkt. 173 at 1-7). The court denied Defendant's motion because it was identical to the Apprendi, 530 U.S. 466, claim contained in Defendant's 28 U.S.C. § 2255 motion, which the court had denied almost seven years earlier (Dkts. 108, 174). The court also held that, even if the motion did allege a new basis for relief, Defendant's jurisdictional contention had no merit (Id.). Defendant offers no good faith basis for appealing this order and the court is unable to discern any such basis on its own review.[1]

Consequently, the court is unable to conclude that Defendant's appeal is taken in good faith. Defendant's failure to identify any meritorious issue to be addressed on appeal warrants denial of permission to proceed on appeal in forma pauperis. See e.g. United States v. Vilfranc, No. 6:00-CR-59-ORL-19GJK, 2009 WL 971412, at *2 (M.D. Fla. April 8, 2009) (denying permission to proceed in forma pauperis where petitioner's appeal was "completely lacking in legal foundation and his chances of ultimate success [were] less than slight").

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's request to proceed in forma pauperis on appeal (Dkt. 176) be **DENIED.**

---

[1] Even if the motion Defendant seeks to appeal is construed as a successive 28 U.S.C. § 2255 motion, Defendant's in forma pauperis request should be denied. "[B]efore a prisoner can pursue a qualifying second or successive 2255 petition, he must obtain authorization from the court of appeals." Cradle v. United States, Case No. 1:02-00241-06, 2009 WL 290920, at *3 (S.D. W.Va. Feb. 3, 2009) (citation and quotations omitted). Defendant has not obtained the necessary authorization from the Eleventh Circuit Court of Appeals (in the form of a certificate of appealability) for a successive motion under 28 U.S.C. § 2255. Thus, his motion to proceed in forma pauperis should be denied.

**Dated: May 29 , 2009**

　　　　　　　　　　　　　　　　　/s/ Elizabeth A. Jenkins
　　　　　　　　　　　　　　　　　ELIZABETH A JENKINS
　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES

　　Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Defendant
District Judge